Elias Arnett
Plaintiff Pro See
62 Mutton Town Road
Syosset, New York 11791
Tel.: (212) 889-4686

FILED
CLERK
2017 JUN -5 AM 11: 48
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

CV 17- 3339

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ELIAS ARNETT,                                      Docket No.               WEXLER, J.

                   Plaintiff,
                                                   **COMPLAINT**           TOMLINSON, M.J.
   v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,
DR. JOHN P. FITZGERALD, and
DR. APRIL ADAMS SZAFRAN,

                 Defendants.
-------------------------------------------------------------------x

      Plaintiff ELIAS ARNETT, now comes before this Court and complains of Defendants upon information and belief as follows:

**JURISDICTION, VENUE & CONDITIONS PRECEDENT**

    1.    This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 1291, 1346 (b), 1402, 2401, 2402, and § 2671-2680 for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of the Defendants and under circumstances where Defendant United States of America (hereinafter "USA"), if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

2. Venue is proper within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the Eastern District of New York and Defendant United States Department of Veterans Affairs (hereinafter "VA") maintains the medical facility were the causes of action accrued.

3. Plaintiff filed a Notice of Claim for Damage, Injury or Death ("SF-95") with the Department of Veteran Affairs Hospital located at 75 Middleville Road, Northport, New York 11768 in accordance with the Federal Tort Claims Act on March 10, 2015.

4. Plaintiff refiled a Notice of Claim for Damage, Injury or Death ("SF-95") with the Department of Veteran Affairs, Office of Chief Counsel, at 12 Le Brun Road, Buffalo, New York 14215, in accordance with the Federal Tort Claims Act on December 2, 2016, and said Notice of Claim was received on December 6, 2016.

5. This action has been commenced pursuant to 28 U.S.C. 2675 (a), as more than six (6) months have elapsed since the filing of the described Federal Tort Claims Act Claim and no Right to Sue Letter was received.

6. This suit has been timely filed and all conditions precedent to a Federal Tort Claims Act have been met.

7. Plaintiff Elias Arnett has not been examined by Defendants USA and VA or its agents, servants and/or employees in that a notice of hearing to take the testimony of Plaintiff was never served upon him or his attorneys.

8. Defendants USA and VA have declined to make any payment or offer any sum of money by way of adjustment with regard to Plaintiff's claim and have apparently rejected it.

## PARTIES

9. At all times hereinafter mentioned Plaintiff Elias Arnett is 70 years of age, is married to Leyla Arnett, his wife, who is 51 years of age, and resides at 62 Mutton Town Road, Syosset, New York 11791 (County of Nassau).

10. That all times hereinafter mentioned, Defendant USA is a sovereign nation.

11. That all times hereinafter mentioned, Defendant VA is an agency of Defendant U.S.A.

12. At all times hereinafter mentioned, Defendant DR. JOHN P. FITZGERALD (hereinafter "DR. FITZGERALD") was and still is a physician licensed to practice medicine in the State of New York and was and still is an employee of Defendants U.S.A. and/or VA, and resides in the State of New York.

13. At all times hereinafter mentioned, Defendant DR. APRIL ADAMS SZAFRAN hereinafter ("DR. SZAFRAN") was a resident physician licensed to practice medicine and surgery in the State of New York, and was and still is an employee of Defendants U.S.A. and/or VA, and resides in the State of New York.

## FACTS

14. At all times hereinafter mentioned, Defendant VA operated the facility known as the Northport VA Medical Center (hereinafter "NORTHPORT VA") located at 79 Middleville Road, Northport, New York 11768, which is located in the Eastern District of New York and was and is a duly licensed healthcare facility licensed to practice medicine and surgery and patient care in the State of New York.

15. At all times hereinafter mentioned, the Plaintiff was a patient at the NORTHPORT VA.

16. At all times hereinafter mentioned, the NORTHPORT VA was managed, operated, and controlled by Defendant U.S.A, including but not limited to the wards, beds, bedrooms, operating rooms, and other areas, and the medical and non-medical equipment, and facilities used in connection therewith.

17. At all times hereinafter mentioned, the NORTHPORT VA was managed, operated, and controlled by Defendant VA, including but not limited to the wards, beds, bedrooms, operating rooms, and other areas, and the medical and non-medical equipment, and facilities used in connection therewith.

18. At all times hereinafter mentioned, Defendant U.S.A. controlled, supervised, and employed nurses, interns, residents, technicians, doctors, and other personnel at the NORTHPORT VA who rendered treatment to Plaintiff, including but not limited to DR. FITZGERALD and DR. SZAFRAN.

19. At all times hereinafter mentioned, Defendant VA controlled, supervised, and employed nurses, interns, residents, technicians, doctors, and other personnel at the NORTHPORT VA who rendered treatment to Plaintiff, including but not limited to DR. FITZGERALD and DR. SZAFRAN.

20. At all times hereinafter mentioned, Defendant DR. FITZGERALD held himself out to the public, and more particularly to the Plaintiff herein, as possessing the proper degree of learning and skill as a physician specializing in urology, and that he undertook to use reasonable care and diligence in the care and treatment of Plaintiff.

21. At all times hereinafter mentioned, Defendant DR. SZAFRAN held herself out to the public, and more particularly to the Plaintiff herein, as possessing the proper degree of

learning and skill as a physician specializing in surgery, and that she undertook to use reasonable care and diligence in the care and treatment of Plaintiff.

22. At all times hereinafter mentioned, Defendants in rendering medical and diagnostic care and treatment to the Plaintiff owed him the duty to use a reasonable degree of learning and skill and diligence in the exercising of that learning and skill and the duty to employ approved methods of medicine in general use and the duty to use, their best judgment in the care and treatment of said Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE

23. On or about December 18, 2014, Plaintiff was a patient at the VA and underwent a circumcision to his penis, which was performed by Defendant DR. FITZGERALD (Attending Physician) and Defendant DR. SZAFRAN (Resident Surgeon).

24. Prior to December 18, 2014, Defendant DR FITZGERALD, Plaintiff's Urologist, diagnosed a lesion on the Plaintiff's penis as cancerous based only upon a visual and palpable examination, and medically determined that surgical intervention was required to remove the lesion.

25. Prior to the circumcision procedure on or about December 18, 2014, Defendant DR. FITZGERLAD failed to perform an ultrasound, biopsy, and/or other objective diagnostic testing to definitively determine if the lesion on the Plaintiff's penis was cancerous.

26. After the circumcision procedure, on or about December 29, 2014, the pathological report of non-party Dr. Sergey Lyubsky, which was generated from a biopsy of the removed penial foreskin, determined that the said lesion was not cancerous.

27.     As a result of the circumcision procedure, the Plaintiff has been caused to become impotent, unable to engage in sexual intercourse with his wife, who is much younger in age, and may divorce him as result a of his impotence.

28.     The aforementioned circumcision procedure was the actual and proximate cause of Plaintiff's impotence, due to the negligence of the Defendants who owed Plaintiff a duty to use a reasonable degree of learning and skill and, the duty to use reasonable care and diligence in the exercising of that learning and skill and, the duty to employ approved methods in general use and the duty to use, their best judgment in the care and treatment of said Plaintiff.

29.     The Defendants, their agents, servants, physicians, staff members, employees, and/or independent contractors were careless and negligent in the ownership, operation, management, maintenance, supervision, and control of NORTHPORT VA, and in failing to properly and appropriately provide the necessary and required medical care and treatment to the Plaintiff for the conditions with which he presented; in deviating and departing from the good and accepted standards of medical care and practice by failing to timely realize and/or appreciate the significance of the Plaintiff's complaints; in failing to timely and properly administer blood tests performed on the Plaintiff; in failing to perform and/or recommend the proper and regularly accepted medical diagnostic tests to properly diagnose Plaintiff's complaints prior to performing the circumcision procedure; in carelessly and negligently advising the Plaintiff that the lesion on his penis was cancerous when, in fact, it was not cancerous; in carelessly and negligently advising the Plaintiff that the lesion on his penis was cancerous prior to performing any diagnostic testing to objectively determine that diagnosis; in deviating and departing from the good and accepted standards of medical care and practice by failing to properly diagnose the

lesion on Plaintiff's penis prior to surgically removing same; in failing to take any steps whatsoever to determine the cause of the lesion on the Plaintiff's penis prior to surgical intervention; in making false and erroneous representations to the Plaintiff that he was required to undergo a circumcision to remove the alleged cancerous lesion from his penis, which the Plaintiff relied on to his detriment; in failing to and neglecting to refer the Plaintiff or to request a consultation from an expert in the appropriate field of medicine; in failing to timely take and/or perform all the necessary, required, warranted, and indicated tests to make a proper and accurate diagnosis and render the appropriate and required course of treatment to Plaintiff; in lacking the necessary skill, knowledge, experience, and competence to make an accurate and correct diagnosis of Plaintiff's condition; in failing to timely and properly diagnose that the lesion on the Plaintiff's penis was not cancerous; in failing to timely and properly render the necessary, required, and indicated course of treatment for the lesion on the Plaintiff's penis; in depriving Plaintiff of the opportunity to be treated and cured of the lesion through alternative medical treatment/procedures other than circumcision; in causing a substantially diminished chance and/or opportunity of cure and recovery;; in deviating and departing from the good and accepted standards of hospital and medical care and practice; in failing to safeguard and protect the health and life of the Plaintiff; in violating the applicable laws, rules, statutes, and regulations in such cases made and provided; and were otherwise careless and negligent and failed to act in a reasonable and acceptable medical manner.

30. That by reason of the foregoing, Plaintiff has suffered serious and permanent injuries and complications including penial impotence, being unable to engage in sexual intercourse, possible divorce from his wife of 33 years due to his being unable to engage in

sexual intercourse, depression, anxiety, loss of self-esteem; and emotional stress, has been and will continue to be compelled to suffer extreme pain and physical and emotional suffering; will continue to be incapacitated in attending to his usual and customary activities of daily living and recreational activities; that he will be required for the remainder of his life to seek medical care, intervention, and treatment to relieve him of the pain and suffering caused by his injuries; and has been compelled to suffer physical pain, mental anguish, and emotional stress therefor, as well as loss of enjoyment of life.

31. By reason of the foregoing, the Plaintiff has been damaged in the sum $10,000,000.00, or such other sum proven at trial.

### AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT AGAINST DEFENDANT DRS. FITZGERALD AND SZAFRAN

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" hereinabove with the same full force and effect as if set forth at length

33. Defendants DR. FITZGERALD and DR. SZAFRAN, their agents, servants, and/or employees, failed to provide the Plaintiff with the information that reasonably prudent medical practitioners should have provided him under the circumstances and failed to make the Plaintiff aware of the risks and benefits and the alternatives to the procedures and/or medical treatment that was to be rendered to him by a circumcision surgical procedure.

34. A reasonably prudent person, being fully informed, would not have consented to the circumcision procedure performed by the said Defendants, their agents, servants, and/or employees on Plaintiff herein.

35.     The procedures employed and the failure to employ appropriate procedures and/or surgical procedures were the competent producing cause of the Plaintiff's injuries described hereinabove.

36.     By reason of the foregoing, Plaintiff has suffered serious and permanent injuries as set forth above.

37.     By reason of the foregoing, Plaintiff has been damaged in the sum of $10,000,000.00, or such other sum as may be proven at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR MEDICAL FACILITY NEGLIGENCE

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" hereinabove, with the same full force and effect as if set forth at length herein.

39.     Defendants VA and USA had an obligation, responsibility, and duty to the Plaintiff to staff the aforesaid medical facility with competent, board certified and qualified medical personal, including doctors, internists, and medical staff.

40.     At all times hereinafter mentioned, Defendants VA and U.S.A. failed and neglected to utilize and apply proper and acceptable standards and criteria in their hiring of the physicians and other medical personnel at the NORTHPORT VA; failed and neglected to evaluate and properly assess the performance of those physicians applying for employment or professional privileges or renewal thereof; failed and neglected to monitor and supervise the qualifications and performances of their attending physicians, residents, family doctors, internists, and other professional medical staff; failed to conduct an appropriate investigation or background check into the professional history and records of the physicians and other members of their staff from previous and/or other hospitals and/or health care facilities with which they

had been previously employed or affiliated; failed and neglected to conduct the necessary periodic reviews of the competence of their medical staff as required; failed and neglected to properly supervise and control the actions and performances of physicians and other medical personnel practicing and/or employed by and at its facility; failed and neglected to strictly comply with statutory credentialing requirements, and generally failing to observe all necessary protocols, practices, and procedures, both statutory and in common and in usual use in the profession, all of which resulted in damages sustained by the Plaintiff.

41.     Defendants VA and U.S.A. in rendering medical services to the Plaintiff through their respective agents, servants, physicians, staff members, employees, and/or other independent contractors, owed to Plaintiff a duty for said agents, servants, physicians, staff members, employees and/or independent contractors to possess a reasonable degree of learning and skill, the duty for them to use reasonable care and diligence in the exercising of their learning and skill, the duty to use approved methods in general use and the duty to use their best judgment in the care and treatment of the Plaintiff.

42.     Defendants VA and U.S.A. were negligent and careless in permitting the co-defendants DR. FITZGERALD and DR. SZAFRAN herein, and all other medical personnel, to perform and provide medical care, treatment and services to Plaintiff, although Defendant VA and U.S.A. knew or should have known that the co-Defendants here, did not possess the requisite knowledge, experience, learning or experience required to safely perform and/or render the requisite medical care, procedures, treatment, and services to Plaintiff.

43.     By reason of the foregoing, Plaintiff has been damaged in the sum of $10,000,000.00, or such other sum as may be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally as follows: on the First Cause of Action in the sum of $10,000,000.00, or such other sum proved at trial; on the Second Cause of Action in the sum of $10,000,000.00, or such other sum proved at trial; and on the Third the Cause of Action in the sum of $10,000,000.00, or such other sum as shall be proven at trial, together with costs and disbursements of this action including reasonable attorneys' fees.

Dated: New York, New York
June 2, 2017

Yours, etc.

*Elias Arnett*

ELIAS ARNETT
*Plaintiff Pro Se*
62 Mutton Town Road
Syosset, New York 11791
Tel (212) 889-4686

dropped off
6/5/17
David Sapeuto